## In re JAMES, U. S. Com'r.

(District Court, D. Montana. April 13, 1912.)

No. 207.

UNITED STATES COMMISSIONERS (§ 3*)—COMPENSATION—STATUTES—"MADE."

Act March 4, 1904, c. 394, 33 Stat. 59 (U. S. Comp. St. Supp. 1911, p. 595), providing that proofs, affidavits, and oaths required under the public land laws may be made before any United States Commissioner, and that the fees for entries and for final proofs when made before him shall be for each affidavit 25 cents, for each deposition of claimant or witnesses when not prepared by the officer 25 cents, and for each deposition prepared by the officer $1, and making it a misdemeanor to demand or receive a greater sum, fixes the fees of United States Commissioners for administering the oath and attaching the jurat to affidavits required under the land laws, but it is not part of their duty to draft affidavits, in whole or in part, and a United States Commissioner who drafts an affidavit or any part thereof, or who completes the application part of a combined application and affidavit under the land laws, may charge compensation therefor as services beyond his official duty; an affidavit being "made" before an officer when subscribed and sworn to before him by whomsoever drafted.

[Ed. Note.—For other cases, see United States Commissioners, Cent. Dig. §§ 5–15; Dec. Dig. § 3.*

For other definitions, see Words and Phrases, vol. 5, pp. 4269–4270.]

Proceedings for the revocation of the appointment of John W. James, United States Commissioner. Citation to show cause dismissed.

John W. James, in pro. per.
S. C. Ford, Asst. U. S. Atty., amicus curiæ.

BOURQUIN, District Judge. Complaint was made herein by a special agent of the General Land Office of the United States that respondent had in three instances charged excessive and so illegal fees for official services rendered to applicants for public lands. Thereon a citation issued from the court, directing respondent to show cause why he should not be removed from his office. Respondent answered, and thereafter the proceeding was submitted for decision upon an agreed statement of facts. It was therein agreed that the complaint in reference to one instance aforesaid should be dismissed as un-

founded. In reference to the others thereof, it appears that in one of them respondent prepared a homestead application for one Eccleston, and also a necessary affidavit that said application was verified by Eccleston before the nearest officer. In such preparation respondent filled the blanks in the skeleton form of said application, and drafted the said affidavit. Thereupon both thereof were executed before respondent by said Eccleston. For this service respondent charged for the preparation of said instruments $1 each, and for the oaths and jurats thereto 25 cents each. It was then agreed between them that respondent would write a letter of transmittal, secure and pay for a post-office order for the fees payable upon said application to the land office, and transmit the whole to the proper land office, for which services it was likewise agreed Eccleston would pay respondent $2.50. The sums aforesaid were accordingly paid. In the other of said instances it appears that respondent prepared a desert application for one Pomeroy, a necessary affidavit that said application was verified by Pomeroy and his two witnesses before the nearest officer, and two maps of the applicant's proposed plan of irrigation. In such preparation respondent filled the blanks in the form of said application, and drafted the said affidavit and said maps. Thereupon the application and affidavit were executed before respondent by Pomeroy, and the application was also likewise verified in a single affidavit, which is a part thereof, by two witnesses for Pomeroy. For these services respondent charged for the preparation of said application $1 for each affidavit therein (there being three); for the oaths and jurats thereto, 25 cents each; for drafting the "nearest officer" affidavit $1; and for the oath and jurat thereto 25 cents; or a total of $5. Respondent wrote a letter of transmittal, secured and paid for a post office order for the money payable upon said application to the Land Office, and transmitted the whole to the proper land office, for which services respondent charged Pomeroy $2. These charges also covered services in making the maps aforesaid. The sums aforesaid were accordingly paid by Pomeroy, with knowledge of the items of charge, and consenting thereto. It was stipulated herein that respondent collected all said sums in good faith, believing he was entitled thereto.

The act of March 4, 1904 (33 Stat. 59), provides that "all proofs, affidavits, and oaths" required under the public land laws may "be made before any United States Commissioner"; that "the fees for entries and for final proofs, when made before" such officer, shall be "for each affidavit, twenty-five cents. For each deposition of claimant or witness, when not prepared by the officer, twenty-five cents. For each deposition of claimant or witness, prepared by the officer, one dollar." And to demand or receive a greater sum for such service is by said act made a misdemeanor punishable by fine.

The contention on behalf of the complainant is that the homestead application aforesaid is an affidavit for which the respondent could charge but 25 cents for filling the blanks therein, administering the oath thereto, and attaching his jurat; that the desert application aforesaid is three affidavits, one for applicant and one for each of his two

witnesses, for which respondent could legally charge but 25 cents each for filling the blanks therein, administering the oath thereto, and attaching his jurat. The contention on behalf of the respondent is that the homestead application is a· deposition, and that the desert application is composed of three depositions, one of the applicant and one each of his two witnesses, for which he could legally charge $1 each for filling the blanks therein, and also 25 cents each for "swearing" the makers thereto.

The court agrees with neither of these contentions. The said applications embody affidavits, but they are applications and affidavits combined. Wherein the statute says affidavits may be "made before" the Commissioner, it means that they may be executed before him—i. e., subscribed and sworn to by the affiant before him—and means no more. The official duty of the Commissioner is to administer the oath and attach his jurat to the affidavit, and no more. For this service the statutory fee is 25 cents. The affidavit is "made before" the officer when subscribed and sworn to before him, by whomever drafted, and it is "made before" the officer when so subscribed and sworn to before him, though theretofore drafted by the officer. It is no part of the officer's duty to draft affidavits in whole or in part, as by completing the skeleton form thereof with matter of substance. Such drafting of the affidavit may be done by anybody, and needs be done before nobody, and such drafting is no part of the ceremony wherein the affidavit is "made before" the Commissioner. If the officer actually drafts the affidavit or any portion thereof, it is a service rendered beyond his official duty; and this statute does not forbid making a charge therefor and any charge upon which the parties agree, or, in the absence of agreement, that the service is reasonably worth. For completing the application part of such combined applications and affidavits, the Commissioner may likewise legally charge and receive compensation, as for services beyond his official duty and in the capacity of employé.

United States Commissioners are located throughout the states where settlers are entering public lands, and for their convenience. They usually are supplied with information in reference to vacant lands, impart it to and otherwise advise settlers, keep a supply of such printed and prescribed blank applications, affidavits, or forms as the Land Department insists upon, prepare them for applicants, draft necessary affidavits for which there are no prescribed and printed forms and some of which may extend to many pages and require much skill and ability, secure needed copies of records, transmit the settler's application and money to the proper land office, and well serve the settlers in many ways, often saving them much time, labor, and money. In many places there is no one conveniently at hand to render such services but the Commissioner. These services are rendered as an employé, and not as an officer, and it is not the intent of the statute that they may not be charged and compensated for. With them the statute has naught to do. Let it be noted, however, that the charges for services in the line of official duty and the charges for services in the line of an employé should not be con¬

fused, but be made separate and distinct to the settler's understanding and knowledge that the latter may not serve as a cloak for excess in the former and mask a violation of the statute involved.

It follows that the charges are not sustained, and the citation herein is dismissed.